**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DENNIS R. COOKISH,

      Petitioner,

-vs-                                                                     Case No.  8:08-CV-1114-T-30EAJ

STATE OF FLORIDA,

      Respondent.
_____/

## **ORDER**

This habeas corpus action was commenced by Petitioner in the United States District Court for the District of Arizona, the jurisdiction in which Petitioner is presently confined. The action was transferred to this district because Petitioner seeks to challenge the validity of a detainer that has been lodged against him from the Circuit Court for Pinellas County, Florida.

Petitioner will need to file an amended petition using the form required in this district. Use of a prescribed form benefits both the Court and the Petitioner in terms of accuracy, time-savings, and administrative convenience.  As the commentary to the rules governing § 2254 cases explains, courts that have a large volume of habeas actions save valuable time if they are not required to decipher lengthy and often illegible and/or incomplete petitions. Rule 2 advisory committee's note, Rules Governing Section 2254 Cases (2007).  Use of the form also benefits petitioners because it assists them in presenting their claims in an organized manner and avoiding the omission of information which is necessary for the Court to reach a just resolution of the issues they raise therein.  This savings is lost when, as here,

the Petitioner fails to use the form.

ACCORDINGLY the Court **ORDERS** that:

1. Petitioner shall, within **THIRTY (30) DAYS** hereof, file an amended petition for writ of habeas corpus that complies with the instructions on the court-approved form and sets out each claim for relief with specificity, including a brief statement of the facts supporting each claim. Petitioner shall provide the Court with a copy of the amended petition for the named Respondent.

2. The **Clerk** shall enclose **two copies** of the court-approved form used to initiate a § 2254 case with Petitioner's copy of this order.

3. Failure to comply with this Order within the allotted time shall result in the **dismissal** of this action **without further notice**.[1]

**DONE** and **ORDERED** in Tampa, Florida on June 13, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).